The Chief Justice, observing that the Court were not unanimously agreed, requested his brother Sedgwick to deliver his opinion first, which he did, as follows : —
Sedgwick, J.
The question is, whether the legatee, Samuel Clarke, is entitled to interest on his legacy from the death, or from three months after the death, of the testator ; or whether the interest commenced, in the words of the bequest, on his arriving at the age of twenty-one years.
In this, as in every case of a legacy, we are bound to ascertain, as well as we can, from the whole of the testator’s will, in relation to the subject matter of inquiry, what was his intention.
The bequest is expressed in these words: “ I give to Samuel Clarke, son of Samuel Clarke, late of Boston, deceased, 500Z. ster ling, to be paid him on his arriving to the age of twenty-one years. If he dies before that time, this legacy to be void.”
I do not determine whether this legacy, technically considered, was contingent; or whether it was' vested, as the plaintiff’s counsel contended, and to be divested on the death of the legatee before he attained to.the age of twenty-one years. Whatever the construction in this regard may be, if this bequest is tobe considered by itself, and uninfluenced by any other part of the will, it is impossible to mistake the intention of the testator. If the legatee died before he attained to twenty-one years of age, nothing was to be paid; “ the legacy was to be void.” If he did not, then the legacy was to be paid. A payment, therefore, of 500Z. to him, when he was twenty-one years [ * 210 ] of age, would exactly and fully satisfy the directions * of the testator’s will. As this is the plain and manifest intention of the words, in which the bequest is expressed, and as it is apparent, from them,, the legatee is not entitled to interest, or the legacy, before he was twenty-one years of age, the demand that is made for it must, as I apprehend, be clearly supported by a mani fest intention, to be discovered in some other part of the will.
It is contended that such intention — an intention that the legacy should carry interest from the death, or from three months after the death, of the testator, " till paid ” — is manifest from an after direction in the will, expressed in these words: “ I order all the above mentioned legacies to be paid in silver or gold, and not in paper money at any rate, or by any means whatever, with interest, in three months after my decease till paid.” It is insisted that this clause of the will gives interest on the legacy to Samuel Clarke from three months after the death of the testator.
To determine this, one fact is, in my opinion, necessary to be rec« *189 ollected and kept in memory, while we are attempting to ascertain the intention of the testator, by the recited direction, as that intention may be discovered by a consideration of the bequest to Samuel Clarke, and by other parts of the will. The fact I mean is, that Samuel Clarke, at the time of making the will, was not more than four or five years old, and not more than six or seven at the time of the testator's death. Keeping this in our view, let us inquire vvhetli er the testator meant, by directing when and how “ all the above-mentioned legacies ” should be paid, to charge the legacy to Samuel Clarke with interest before he attained to the age of twenty-one years. I believe the true construction of this direction to be, that it shall attach to all the legacies, in every particular, which does not control a manifest intention expressed in the bequests themselves ; but that, in all the particulars where such application would alter or materially vary the bequests themselves, there the direction is not to be applied. So that we are bound, I apprehend, to apply, for the explication of this item of the will, that rule of construction of doubtful or ambiguous words and expressions, by which we are directed to refer them to the subjects, respectively, to which they properly * belong. By means of this rule, we may satisfactorily [*211 | explain and give effect to every part of this will; and without it manifest absurdities and contradictions may be involved.
This direction of the will refers to three subjects. 1. It orders the legacies to be paid in gold or silver; 2. It fixes the time within which they shall be paid; and, 3. It directs that (if not paid within that time, as I apprehend) they shall carry interest. Was the intention that all the legacies should in fact be paid in gold and silver; that they should all be paid in three months; that they should all be paid with interest ? I believe not; but that these directions should be observed in all instances, whereby the manifest intention of the testator, expressed in the bequests themselves, would not be violated. In this view Í will consider the direction of the testator, by which interest is supposed to be due on the legacy to Samuel Clarke, before he attains to twenty-one years of age, in relation to the bequest itself, and to other parts of the will.
In regard to the bequest to Samuel Clarke, was it intended that it should be paid in three months ? This is impossible ; because the testator had expressly declared that it should be paid to him when he attained to twenty-one years of age, which was sixteen or seventeen years after making the will, and fourteen or fifteen years after the testator’s death. No reasonable explanation has been given of these two clauses of tne will — the bequest to Samuel Clarke, and the direction as to the time and manner of paying the legacies, whereby it can be conceived that it was the intention of the testator *190 that that legacy should be paid in three months after his decease. It cannot be believed that the testator, when he wrote or assented to the latter clause, had forgotten when and how he had intended his bounty to the legatee should be dispensed. It is difficult to suppose he had altered that intention ; or, if he had, it cannot be conceived that he would have left it to be determined, after his death, by doubtful construction. It is, then, impossible to suppose that, the testator intended that this legacy should be paid in three months after his death. And I should have thought, but for the weight of the authority against me, that, after an attentive perusal and consideration of the will, it would have been equally [*212] impossible to believe * that it was the intention of the testator that the legacy should carry interest before the legatee attained to twenty-one years of age. If the legatee attained to twenty-one years of age, and then 5001. were paid him, the will of the testator was completely fulfilled. On that contingency, that sum, and no more, was due. If the legatee died before that time, the legacy was void. Apply, then, the latter item in the will to this legacy, and it is a direction that it shall be paid in gold or silver, and not that it shall be paid in three months; nor that it shall carry interest during the infancy of the legatee.
The legacy next preceding that to Samuel Clarke is also a legacy to an infant, Nathaniel Norton. It is expressly provided that it shall carry interest, and an appropriation of that interest is made, during his infancy, for his support. When, in the one case, interest is intended, it is expressed ; and if intended in the other, why was an expression of that intention omitted ? But this, in my opinion, is not all the argument to be drawn from the bequest to Nathaniel Norton. It is in these words: “ I give to Nathaniel Norton, the boy who now lives with me, whose father was a faithful man in my service many years, 150Z. sterling, and appoint Major James Swan, my executor, hereafter named, to be his guardian, and I order the interest on said sum, till he arrives at the age of twenty-one years, to be appropriated for his support.”
Did the direction in the after part of the will, ordering all the legacies to be paid in three months after the death of the testator, include this legacy, and render it payable within that time? It will not be pretended that such was the intention of the testator. It was not the intention of the testator that this legacy should be paid before the legatee was twenty-one years old. And wherefore is this to be the construction ? The direction is as explicit that all the above-mentioned legacies shall be paid in three months, as that they shall be paid with interest. The true answer, I believe, is, that the testator did not intend that the general direction should violate or *191 vary any preceding manifest expression of his intention, as to the ime and manner of paying the legacies, which he had given.
This direction, then, so far as it respects the legacy to Nathaniel Norton, does nothing more than to secure the payment * in gold or silver. And this construction will be fur- [*213] ther illustrated and enforced by a consideration of other parts of the will.
The legacy next succeeding that to Samuel Clarke is to the testator’s nephew John Merchant. He gives him 4000?. sterling, and orders him to be accountable to his executor for whatever he shall be indebted to him at the time of his decease. Here the legacy given is 4000?. sterling. The direction is, that all his legacies shall be paid in gold or silver, in three months, with interest. Was the intention here, that these 4000?. should be paid in gold or silver, in three months, with interest ? No. The manifest intention of the testator was, that the legacy should form an item of credit to its amount; and if such was the fact, that, after computing this credit, nothing would be due to the legatee, then no part of the legacy was to be paid; and in no event more than the balance, which the legacy would create. Thus there is another instance, in which the manifest intention of the testator would be violated by the application of the direction of paying all the legacies in the time and manner expressed in the direction which is supposed to control in the case of the legacy to Samuel Clarke.
There is another instance, in which to give so extensive an application of the direction in the will, as is contended for in the case of the legacy to Samuel Clarke, would most clearly, as I apprehend, contravene the manifest intention of the will. The testator gives to his brother Thomas Dennie 10?. sterling, to be deducted out of what he might be indebted to him at the time of his death ; which debt he declared he did not mean to remit by that legacy ; but, on the contrary, he ordered his executor to call for, demand, and receive it. Here it was the expectation of the testator, that, after deducting the 10?. legacy given, there would remain a balance due from the legatee; and it was his intention that that balance should be paid. It was not, therefore, his intention that the legacy should be paid in gold or silver, nor in any other way than by deducting it from the debt due to the testator.
There are, then, three instances, besides that of the legacy to Samuel Clarke, in which the direction in the will, to pay all the above-mentioned legacies in gold or silver, in three * months, with interest, could not apply ; that of the leg- [ * 214 ] acy to Nathaniel Norton, in which the money was to □e paid when he arrived at the age of twenty-one } ears — a period *192 much beyond three months; that to John Merchant, where the testator might expect that nothing was in fact ever to be paid ; and that to Thomas Dennie, where the legacy is expressly to be discharged, not in gold or silver, but by deducting it from a debt due to the testator. All these are included among “ the above-mentioned legacies and in neither of them is the intention of the testator more clearly, in my opinion, opposed to the meaning of the testator expressed in the general direction as to the time and manner of paying the legacies, than in that of the legacy to Samuel Clarice.
A consistent construction of the will cannot, that I can perceive, be made in any way, but that which I have already mentioned ; that the order’ of the testator, as to the time and manner of payment, was not to be extended so as to comprehend any legacies which were, by manifest intention, to be discharged otherwise than expressed in that order.
The opinion of the Court was then delivered as follows by
Parsons, C. J.
This bond is sued for the benefit of Samuel Clarice, one of the legatees in the testament of William Dennie, deceased. The condition of the bond is to secure the payment of all the legacies ; and the penalty being forfeited, the parties have been heard in equity upon the sum justly due to Samuel Clarice, the legatee, for his legacy. And the question before the Court is, whether, under the testament of William Dennie, the legatee is entitled to receive his legacy, with interest after the expiration of three months from the testator’s death, or only from the time when the legacy was payable.
The testator bequeaths pecuniary legacies to five of his friends; also twenty shillings sterling to his sister, and ten shillings sterling to each of his nephews, nieces, cousins, and other relations not mentioned in his will.
He bequeaths to his nephew John Merchant 4000?., ordering him to account with his executor for whatever he should be indebted to the testator at his decease. And also to his brother [*215] Thomas Dennie 101., to be deducted out of what * his brother might owe the testator at his death. And to his brother Joseph Dennie he gives 1500Z., and discharges him from what he may owe the testator at his death.
The testator also gives to Nathaniel Norton, a minor, 150Z., appoints the executor his guardian, and orders the interest of this legacy, until the minor arrives at twenty-one years of age, to be appropriated for his support. He then gives to his nephew Samuel Clarice, for whose use this suit is commenced, 500Z., to be paid him on his attaini. g to the age of twenty-one years, and if he die before that time, Lie legacy to be void.
*193 After a bequest of all these legacies, follows the clause on which arises the question before the Court, which is in these words: “ 1 order all the afore-mentioned legacies to he paid in silver and gold, and not in paper money, at any rate or by any means whatever, with interest in three months after my decease, till paid.”
Mrs. Swan is made residuary legatee, and her husband, one of the defendants, is made the executor. The will was executed on the 16th of June, 1781, when, or not long before, the currency was paper money, or public bills of credit.
In the interpretation of a will, it is our duty to give effect to all the words, without rejecting or controlling any of them, if it can be done by a reasonable construction, not inconsistent with the manifest intent of the testator.
If there be a latter clause repugnant to a former, so that one must be rejected, the latter clause must prevail, because it is the final determination of the testator, unless the intention of the testator, apparent from other parts of the will, leads to a different construction.
The legacy to Clarke, independent of the subsequent order, we are satisfied, does not carry interest, whether it be considered as vested absolutely or on a contingency. A vested legacy does not carry interest, but from the time when it is payable. This is a general rule, and the exception to it is in the case of a legacy bequeathed to a minor, whom the testator was under a moral obligation to support, and for whom no support was provided until the legacy was payable. In this case, the legacy shall carry interest from the death of the testator, because it is presumed that his intention was to fulfil a moral obligation.
* The decision of the question before us must depend [ * 216 J on the subsequent order. The legatee insists that his •egacy is within the express words of the order, and that by it the interest is to commence in three months from the testator’s death. The executor contends that the order does not extend to any legacy, to the payment of which a time had been prescribed, and therefore that the legacies to Clarke and to Norton are not subject to the order.
The words are, “ all the afore-mentioned legacies,” which extend to Clarke’s legacy as certainly as if the testator had repeated the legacies, expressly mentioning Clarke’s amongst them. They are to be paid in silver or gold; and no good reason has been, or, in my opinion, can be assigned, why Clarke should not, as well as the othei legatees, have the benefit of this order as to the mode of paying his legacy.
But it is objected that, upon this construction as to the mode of *194 payment, Clarke’s legacy will be within the order as to the time of payment also, whence the order will be repugnant to the bequest to Clarke, in which is an express direction that his legacy is to be paid him at his attaining the age of twenty-one years.
If the conclusion be just that Clarke’s legacy, as to the time of payment, is also within the order, why should it not be admitted, and Clarke be allowed the benefit of the testator’s last determination in his favor ? And this admission will have no other effect on the legacy to Norton, than to fix the time when it shall begin to carry interest. For, the executor being constituted his guardian, the payment must be considered as made the instant the legacy begins to carry interest, as the interest is expressly appropriated to the minor’s maintenance.
But we are satisfied that this order may have a reasonable construction, by which every part of the will may have the effect intended by the testator. The words are not that the legacies are to he paid in three months after the testator’s decease, with interest; but that the legacies are to he paid with interest in three months after the testator’s decease, till paid. And we are of opinion that by this clause it was not the testator’s intention to limit a time of payment of any of the legacies, but only to provide that they should be paid with interest, and to fix the time when the interest should commence.
[ *217 ] * Expressions of this nature are very usual in common parlance, when they are understood, not as fixing a time of payment, but as a direction when the principal shall begin tc carry interest; and in this order the testator himself does not con template that any of his legacies are ip fact to be paid in three months after his decease, because they are to carry interest af ter that time' until paid. He has therefore left the time of pay ment subject to the directions before given, in his will, or, where none are given, to the operation of law, by which an executor is not obliged to pay legacies within a year of the testator’s death that time being allowed him to ascertain the amount of the assets in his hands, after the debts are satisfied.
Upon this construction, every part of the will has effect, no words whatever are rejected, and all repugnance between the several parts is excluded.
As to the two legacies given to the legatees, who are to pay theit debts, immediately on the death of the testator, the legacies, or so much of them as is equal to the debts, must be considered as then paid ; and if the legacies exceed the debts, the difference will carry interest from the expiration of three months after the testator’s death. Or if the legatees, by payments to the testator shall owe *195 him nothing at his decease, then their legacies are to carry interest in three months from his decease.
Neither does this construction of the order introduce any repugnancy to the terms of the bequest to Norton; for in that bequest no time is limited, when interest on his legacy shall commence.
Upon any other construction, we must necessarily presume, either that Clarke's legacy is to be paid in three months after the testator’s death, contrary to the terms of the original bequest, or that the words “ all the legacies afore-mentioned" comprehend not all, but only a part of them.
It was accordingly ordered by the Court that interest be computed on the legacy to Samuel Clarke from the expiration of three months after the testator’s death, and that execution issued accordingly.