J. F. Barnard, J.
The husband of the plaintiff died leaving a will, and therein bequeathed the whole surplus of his personal estate remaining after the payment of debts and legacies, and the plaintiff is entitled to no share of such estate unless it is obtained by the terms of the will itself. The testator by the fifth clause of his will, bequeaths and devises all the rest, *420 residue and remainder of his estate both real and personal to his two children; “ subject nevertheless to the dower and thirds of my wife Mary O’Hara.”
Henry C. Murphy, for the appellants.
I. The testator does not make an absolute disposition of the residuary personal estate to his children, but expressly burdens it with the same charge as *421 his wife would have had if he were intestate. The devise is “ subject to the dower and thirds.” And “ thirds” relates only to personalty (Druce v. Denison, 6 Ves. Jr., 385; Garley v. Garley, 8 Clark & Fin., 758).
*420 This clause presents two questions. Do the words dower and thirds have reference to the real estate only, and if they can fairly be construed to refer to both real and personal property, what rights did the widow get under them in the personal property bequeathed by this clause ? I am satisfied that the word thirds has no reference in this clause to the personal property. If the widow was entitled to distribution as in case of intestacy she would take absolutely one third of the personal property. The clause in question gives all his real and personal property to his children, “ to be divided between them share and share alike,” subject to the dower and thirds of his wife Mary O’Hara. It seems to me quite improbable that the testator intended his personal property was to be divided in three parts, from this language. The gift is subject to the dower and thirds,'burdened with a recognised legal lien and right, and such an estate could only exist as to the real estate. She had no claim to the personal except by this will. The will has not given it except by this clause, and the clause refers to dower and thirds as an existing thing-subject to which the estate is given. If the words can be construed to refer to real and personal property, then I think they are not sufficient to bequeath any portion of the personal estate. . The gift to the children is absolute, subject to plaintiff’s thirds. She had no thirds. The testator has failed to convey to her any interest, and the gift to her children, subject to a claim which had no existence, is an absolute gift.
I think the plaintiff not entitled to any interest in the personal' property under the fifth clause of the will of deceased, and that distribution is to be made to the children of deceased, share and share alike, named in that clause, or their representatives.
Lott, J.—I concur.
From the judgment entered in pursuance of-this decision the plaintiff, Mary O’Hara, appealed to the court of appeals. .
*421 II. The-testator could not have used the word “ thirds” in any other sense than in reference to his personal • property.' Any other construction, and especially that which seeks to make the words “ thirds” to be synonymous with dower,” would render the whole of the limitation—that is, the elapse “ subject, nevertheless, to the dower and thirds of my wife, Mary O’Hara,” redundant and nugatory. And for this reason, that the estate would have been subject to the widow’s dower, without any such reservation in her favor. The previous devise to her of the house she lived in could not operate to extinguish her dower without an express provision in the will making that devise in lieu of dower. And, therefore, to give these words of limitation any force at all they must be construed to intend her interest in the personal estate, which otherwise she would lose. The testator had evidently something more than dower of the real estate in his mind. He mentions both his personal and real estate, and, therefore, uses apt "words of reservation respectively from each estate. And this construction is in accordance with' the well-established rule that a meaning must be given to every word in a will, where it can be done consistently with the intention of the testator (Jarman on Wills, II., 526—Am. Ed., 16; Doe v. Rawding, 2 Barn. & Ald., 448; Dawes v. Swan, 4 Mass., 208; Parsons v. Winslow, 6 Mass., 175; Lewis v. Smith, 9 N. Y. [5 Seld.], 511).
III. The testator uses the words “subject to the thirds of my wife” not as an actual lien upon his personal estate, but as descriptive of an interest.which attached to her by law, by reason of her marriage; .and though it was contingent and liable to be defeated by the disposition of the property by him, it was, nevertheless, a certain and determinate interest, and as such expressed the purpose of the testator. It is like the interest of a husband, under our present law, in the use of the real estate of his wife who dies without exercising the jus disponendi in her life-time. The testator speaks of it, as the highest legal authorities do, as a contingent interest of the wife, which he wishes to *422 reserve to her. The reasoning that there was no present lien in favor of the widow, and therefore there ‘was nothing with which to charge the estate, is, therefore, inapplicable.
The thirds of a widow in the personal estate of which her husband died seized was. originally, at common law, a right which attached to her on marriage, and could not be disposed of by him. One-third of his personal estate went to his widow absolutely, one-third to his children, and one-third he might dispose of. Hence undoubtedly the origin of the phrase thirds, as distinct from dower. The law was subsequently changed, but so far only as to permit him to dispose of her third by will. But difficulties existed in other respects as to the mode of distribution in cases of intestacy, and to obviate them the statute of distributions was- passed, which does not, therefore, create this right, but merely regulates the administration of the personal estate, in conformity with the common law. . There is, therefore, an interest of which a precise idea is given by the expression thirds (Druce v. Denison ut supra; Garley v. Garley ut supra; Roberts on Wills, II., 143; Am. Ed., Precedents; Blackstone Com., book II, chap. 32).
IY. Equally inapplicable to this case is the reasoning that the testator has not given or bequeathed any of his personal estate to his wife. A gift or bequest, in form, was not necessary. All that was necessary was to retain her interest in her; and reserve it from the general bequest to his children, as his language purports to do. .
Y. To deprive a wife of her interest in the personal estate, under the statute, requires an express and unequivocal disposition of the estate to others. The law favors the widow’s right to dower, because it is a marital right; and for the same reason it will.favor her interest in the personal property so far as not to 'allow it to be defeated unless by a distinct and explicit act on the part of the husband showing an intention to cut her off from the personal property entirely (Lasher v. Lasher, 13 Barrb., 109, per Willard, P. J.—“The claim of dower is always favored).” .
YI. The intention of the testator to make some provision out of his personal property for the support of his widow may .he seen in the circumstances of the ease as they appear in the *423 'will. He evidently intended by the clause in question to make a, provision for her support, because it is the only one in which any provision at all appears in the will for such support; and he intended it should be a provision adequate to the station in which they had lived, because the devise to her. oí the mansion in which they had lived, with “ all the furniture, boobs, silver plate, and all other articles in family use,” indicates that he intended the establishment to be kept up by her after his death. It is readily to be seen that her dower in the real estate remaining after taking out the house and lot devised to her would be inadequate to enable her to live in that manner and pay the taxes on the house in a city like Brooklyn, where a net return of not more than five per cent, and in most cases of four per cent, is received from the rent of improved real estate.
The clause,-therefore, is to be construed necessarily as intending a provision for her support, and not merely a bequest and devise to his two children. He meant to be as just to her, in regard to his estate, as the law would have been in case of his intestacy. He gives her no more, upon the construction here insisted upon, than her just share according to the judgment of the law when left to its determination, and gives to the .children all they are, according to the same judgment, entitled to. The law will not construe his will contrary to what itself considers equitable, if it be consistent with the intention of the will.
Thomas E. Pearsall, and D. P. Barnard, for the respondents.
I. The appellant, as the widow of Peter O’Hara, can claim no part of the surplus of personal estate of deceased under section 75 of 2 Pev. Stat., 96, because,—1st. The deceased did not die intestate. 2nd. The whole surplus was bequeathed to his two children, Edward and Cecilia.
II. The testator has" expressly disposed of all the surplus of his personal property to his children. Edward and Cecilia; and there is nothing in the bequest from which it can be implied that he intended to give his widow one-third of his personal estate (2 Jarman on Wills, 742; Colleton v. Garth, 6 Sim., 19).
III. The expression, “ subject to the dower and thirds of my wife, Mary O’Hara,” cannot be construed into creating a bequest of one-third of the personalty (Atkinson’s Common Form *424 in Conveyancing, 531, 551, 403; Beadle's American Lawyer, 84; 2 Housemaids Precedents in Conveyancing, 144, 176, 204; Martin's Forms of Conveyancing, 757; 1 Powell on Devises, 685; 2 Property Lawyer (new series), 317). 1st. Because, had he intended to give her more of the personal property than was specifically bequeathed to her, he could have used more apt words than “ subject,” which means a burthen, or a description of the incumbered condition of the property. Thus in conveyances as well as in wills, real estate is conveyed or devised, subject to mortgages, or legacies, or leases, or taxes, or assessments, or the life estate of another. Pet no one. has ever. contended that the word “ subject” was anything more than a notice or description of what had already existed upon the property. 2nd. The words “ dower and thirds” are generally used in reference to real estate only. They mean “ dower” the general right, and “ thirds" the meted quantity, both meaning the same thing, in this manner, that there must be the former to make the latter, and that the plural “ thirds” is created when one-third of the rents for life are admeasured out of the different parcels of land. Thus in Ward v. Ward (Amb., 299), a testator devised to his wife “ in full of all dower and right of dower or thirds, -which she might have or claim in or out of his real estate.” In 2 Bacon's Abr., “ Dower and Jointure,” O. 1 Dower of the Custom,—it is said that where such custom prevails the wife cannot waive the provision thereby made for her and claim her thirds at common law. In McCall's Clerk's Assistant (2nd ed., 556), in form of will devise to wife “ in full satisfaction, and recompense of and for her dower and thirds, which she may or can in any wise claim or demand out of my estate,” and on page 157, samé book, in the form of Release of Power, the widow “ grants, &c., all the dower wnd thirds tight, and title of dower and thirds, and all other right, &c., of in, and to a certain parcel of land,” &c. In Rathbone v. Dycknan (3 Paige, 30), the Chancellor uses the following language of a widow’s dower, “ and taking the whole will together I think it is fairly inferrable that the testator intended she should enjoy her thirds in the real estate, not specifically devised to her.” In the Phelps Will (28 Barb., 121), is a devise to a wife “in lieu of all dower and thirds out of my *425 estate.” In Dorland v. Dorland (2 Barb., 66), is a devise to a wife “ in lieu of dower and power of thirds.” 3rd. A devise of lands subject to a mortgage or incumbrance, in England, does not throw any charge on the lands to pay the debt, or exonerate the personal estate of the testator therefrom (2 Jarman on Wills, 553; Seale v. St. Eloy, 2 P. Williams, 386). 4th. The testator in the use of the words “subject to the dower and thirds of his wife” refers to something belonging to her, which he had no right to dispose of. 5th. Even if the testator was of the mistaken opinion that the law gave his wife one-third of the personalty, she cannot take any under this will. So, if he was of the opinion that she would be entitled to dower in the houses or leasehold premises.
IV. To sustain the appellant’s claim it will be necessary to alter the fifth clause of the will so as to read :—“ I give and de-' vise all the rest, residue and remainder of my real estate to my son Edward Lawrence O’Hara and daughter Cecilia A. O’Hara, to be divided between them, share and share alike, subject nevertheless to the dower of my wife Mary O’Hara; and I give and bequeath all the rest, residue and remainder of my personal estate to my wife Mary, my son Edward and iny daughter Cecilia, to be divided between them, share and share alike.” The doctrine of transportation and substitution of W'ords in a will has. never been carried to that extent. If the words “ thirds” can be disjoined from “ dower” in the will so as to apply to personal estate, what is to prevent it being applied also to the real estate, and .thus give the appellant in addition to her dower, one-third absolutely of the remainder of the real estate ?
V. There is nothing in the surrounding circumstances of the testator to lead to the inference that he intended, or even desired, to give his wife one-third of the surplus of his personal estate. 1st. He gave her a dwelling-house and all the furniture therein. 2nd. She was entitled to dower in one hundred thousand dollars of real estate. 3rd. She had no children to support out of her income. They were all provided for in the will. 4th. It does not appear that the will was drawn by one incompetent to express in words the intention of the testator.
By the Court.—Davies, Ch. J.
This is a case made and submitted to the general, term of the supreme court, for th¿ *426 purpose of obtaining a construction of the last will* of Peter O’Hara, deceased; the clause of the will, upon which the controversy arises is in these words: “ Fifth, I give, bequeath and devise all the rest, residue and remainder of my estate both real and personal to my son,' Edward Lawrence O’Hara, and daughter, Cecelia A. O’Hara, to be divided between them, share and share alike, subject, nevertheless, to the dower and thirds of my wife, Mary O’Hara.”
Thé plaintiff contends, that by this clause of the will, she is entitled to one-third part of .all the personal estate of said Peter O’Hara, remaining after the payment of his debts, and the legacies in said will mentioned.
The supreme court'held that the personal and real estate of the testator were given to his two children, share and share alike, and that his widow took no part of his personal estate.
By the common law, as it stood in the reign of Henry the second, a man’s goods were to be divided into three equal parts, of which one went to his heirs or lineal descendants, - another to his wife, and the third was at his own disposal; or if he died without a wife, he might then dispose of one moiety, and the other went to his children ; and so, e converso, if he had no children, the wife was entitled to one moiety, and he might bequeath the other, but if he died without either wife or issue, the whole'was at his own disposal. The shares of the wife and children were called their reasonable parts;, and the writ de rational lie parte honor um was given to recover them (Black. Com., Book II. Ch. 32).
Such continues to be the law in case of intestacy; but the owner of personal property, was subsequently authorized by 'statute to dispose of the same by a last will. From this provision of the common law, has undoubtedly arisen the general designation of this third part of the husband’s personal property, which he could not dispose of by will, and which passed to the widow in case of intestacy, as the widow’s thirds. The-widow was also endowed of one-third part of all the real estaté whereof her husband was seized during coverture, but in which she had only a life estate. This is called and known as. her dower, and was a lien or charge on such real estate whereof the wife could not be divested, except by her own act *427 and consent. The husband could-only dispose of his real estate, whether by deed or by will, subject to the rights of his wife to the enjoyment for life of one-third part thereof.
In Druce v. Denison, (6 Ves. Jr., 385), a provision was made, which was declared “ to be in lieu, bar and satisfaction of all dower or thirds out of his real and personal estate.” On the part, of the plaintiff, it was contended that the expression “ dower or thirds,” was to be considered as applicable only to real estate, while on the part of tlie defendants it was urged as to the rights of the plaintiff to the personal estate, she. was deprived of dower, and all right to any share of the personal estate in all events. Lord Eldon said, “ As to the word ‘ thirds,’ the clear intention must be taken to mean her interest in case of intestacy. If that word did not occur, I doubt whether the personal estate would not have been included under the word dower. The word ‘ thirds,’ it never used accurately. It is a sort of expression in common parlance descriptive of the interests upon an intestacy.” ‘‘The plaintiff’s argument is too ingenious upon the construction of a settlement, and cannot apply when that word is connected with ‘ dower,’ which would apply to both events, whether there are children or not.”
If therefore, in the present instance, the testator had given to his wife her dower and thirds, we should have been authorized in holding, that she was endtled to one third part of his personal estate, in addition to her dower, after the payment of his debts and legacies. But here there is an absolute and unqualified disposition of all the rest and residue of the testator’s personal estate, to his two children, to be divided between them, share and share alike. The language used, precludes the idea, that the testator had any intention that his widow should take one-third part of. his personal estate. And the subsequent clause of the will, serves only to strengthen this view. The absolute disposition of all his real and personal estate to his two children, was made “subject, nevertheless, to the dower and third's of my wife, Mary O’Hara.” • The testator had clearly in his mind, when he used this language, the fact that there was a charge or incumbrance upon the estate, given to his children, subject to which only could they take it. This was the right of dower of his widow in one-third part of his *428 real estate. In case of a disposition by will of his personal estate, she had no rights therein to any portion, and it was not therefore subject to any such rights. The word “ thirds,” as used in this will and in' this connection, obviously meant,-the same thing as dower, and the word “ and” should be. used as “ or,” malting therefore the gift to the children of the testator’s real and personal estate, subject to the dower or thirds of his wife. This is the clear and plain'intent of this will, and we therefore agree with the supreme court, that under it the plaintiff took no portion of the rest, residue and remainder of the testator’s personal estate mention fed in the fifth clause of his will.
The judgment appealed from should be affirmed.
Judgment afiirmed.