EDWARD R. MERRITT *vs.* CHARLES H. RICHARDSON & others.

A testator in his will gave to his wife the use of one third of his real estate during her life, and one third of his personal estate absolutely, and to each of his children, all of whom were minors at the time of his death, a certain sum of money to be paid upon arriving at the age of twenty-one years, and a like sum upon arriving at the age of twenty-six years ; and the residue of his estate to his wife, during the time she should remain his widow, with remainder to his children in equal shares. The personal estate was insufficient for the payment of the debts, but the real estate was much more than sufficient for the payment of the debts and legacies. The widow died before any of the children became of age. *Held*, that the legacies to the children should be paid to them upon their reaching the ages of twenty-one and twenty-six respectively, without interest ; and that, after setting aside a sufficient sum to be held by the executor for this purpose, the residue of the estate should be divided among the children.

BILL IN EQUITY brought by the administrator with the will annexed of the estate of Josiah Richardson, seeking for instructions as to the execution of his trust, upon the following facts :

The testator by his will devised and bequeathed to his wife the use and improvement of one third part of his real estate during her life, and also one third part of his personal estate, to her own use and disposal absolutely ; and to each of his five children the sum of one thousand dollars, to be paid upon arriving at the age of twenty-one years, and the like sum upon arriving at the age of twenty-six years. If either child should die before arriving at the age of twenty-six years, leaving any child or children, he directed that such child or children should inherit and take the sum which was made payable to the parent. He gave all the residue of his estate, real and personal, to his wife, during the time she should remain his widow ; and, upon her marriage or decease, to his five children in equal shares ; and also, upon her death, he gave to the children, in equal shares, the one third of his real estate bequeathed to her use during life.

The testator died March 7th 1857, leaving personal estate appraised at $6055.44, and real estate appraised at $39,270.16 ; the personal estate being insufficient to pay the debts, by about $5000. Real estate was sold to raise money for the payment of debts and legacies, under license from the probate court. The five children were all minors at the time of the testator's death,

and then had no other means of support except the provision
made for them in the will; and are all still living, two of them
having now become twenty-one years of age.   The widow died
September 15th 1860, without having remarried.

The case was reserved by *Gray*, J., for the determination of
the full court.

*A. C. Clark*, for the minor children.

*F. E. Parker*, for the others.

GRAY, J.  The disposition which the testator intended to make
of his estate is clearly expressed in his will, and no reason has
been shown why it should not be exactly carried out.

He first gives to his wife one third of his personal estate ab-
solutely, and the income of one third of his real estate for life.
He then gives to each of his five children the sum of one thou-
sand dollars to be paid upon arriving at the age of twenty-one,
and an equal sum upon arriving at the age of twenty-six years,
and in case of the death of either child upon arriving at the
latter age, leaving children, he directs that such children " shal'
inherit and take the sum which is made payable to the parent'
by the will.   He gives all the residue of his estate, real and per-
sonal, to his wife during widowhood, and upon her marriage or
death he gives such residue, as well as the one third of the real
estate previously given to her for life, to his children in equal
shares in fee.

His personal estate was insufficient to pay his debts, and his
real estate remaining, after payment of debts and charges of
administration, was more than three times as much in value as
the amount of the legacies to his children.   His wife survived
him, and died, without having married again, before any of their
children arrived at twenty-one years of age, and was of course
entitled to the income of all his estate during her life, and that
estate on her death vested in the children in fee, but charged
with the payment of the legacies, and liable to be sold (as it has
since been by license of the probate court) for the purpose of
paying them.

By the general rule of law, legacies payable at a certain time
do not bear interest until that time arrives; and the exception

**under** which courts of chancery have allowed interest before that time on legacies from a father to his minor children, for whose support he has made no other provision, does not apply to this case, in which he gave to their mother for life the income of all the rest of his property (which was more than twice as much as the whole amount of the legacies, and out of which he may reasonably be presumed to have contemplated that she would, if indeed she was not bound to, support the children while under age) and also gave to them upon her death the whole of that residue as a vested remainder, which might, if necessary, be sold and the proceeds applied for their maintenance, under the Gen. Sts. c. 102, §§ 26–29. *Heath* v. *Perry,* 3 Atk. 102. *Dawes* v. *Swan,* 4 Mass. 215. *Pollard* v. *Pollard,* 1 Allen, 491. *Lupton* v. *Lupton,* 2 Johns. Ch. 628. 2 Williams on Executors (4th ed.) 1272, 1287, 1288. Each child, therefore, is not entitled to interest upon its legacy.

It is admitted that the principal of those legacies payable at twenty-one years of age is to be paid to each child at that time, when the legatee will be competent to give a valid discharge, and not before. It is contended, however, on behalf of those children who are now of age, that they have absolute vested interests in the legacies which by the terms of the will are to be paid to them on arriving at twenty-six years of age, and are therefore entitled to the immediate payment of these legacies also, with a rebate of interest if the court should be of the opinion (which we have now expressed) that the legacies did not bear interest. But the decisive answer to this claim is that as the interest on each legacy meanwhile is not given to the legatees, but is otherwise disposed of, namely, to all the children equally, the interest and principal of each legacy do not belong to the same person. The authorities cited upon this point only show that where a testator gives a legatee an absolute vested interest in a defined fund, so that according to the ordinary rule he would be entitled to receive it on attaining the age of twenty-one, but by the terms of the will payment is postponed till he attains the age of twenty-five, the English courts will sometimes order payment to be made on his attaining the age of twenty-one,

if the interest after that time is not otherwise disposed of by the will. 2 Williams on Executors, 1259, 1260, and cases referred to. But when the intermediate interest is not given to the legatee, but to other persons, no precedent has been cited for anticipating the time of payment fixed by the testator in his will, either with or without a rebate of interest.

The result is that all the legacies are payable to the children respectively at the times named in the will, and the intervening interest is to be equally divided between them; and a decree may be entered, authorizing the administrator to hold in trust a sufficient amount to pay the legacies when due.

*Decree accordingly.*