1. Where one, by will, gave certain slaves to A when B should arrive at the age of twenty-one; it was held, that A was entitled to his proportion of the hire, from the time of the testator's death.

In this case, Daniel Hovey, guardian of John W. Christian, filed a petition in the Orphans' Court of Wilcox, praying an account of the estate of his ward, in the hands of Christian, the administratrix, *cum testamento annexo*, of the estate of George Christian, deceased. George Christian was the grand father: and the object of the petition was to obtain an account of the hire of certain slaves, bequeathed by him, to the plaintiff's ward.

The clause of the will, on which this matter was predicated, was of the following terms, to wit.

"*I give to my grand-son, John W. Christian, an equal dividend of the slaves, with the following named children,* [naming them,] *to be equally divided, when James A. Christian arrives at the age of twenty-one years.*"

The judge of the Orphans' Court determined, that the ward, John W. Christian, was entitled to no part of the hire of the slaves, from the time of the testator's death, and so decreed; and on an appeal to the Circuit Court, that decree was affirmed.

The cause was brought to this Court by a writ of error.

*Porter* and *Mr. Thornton,* for the plaintiff in error; *Mr. Clarke,* for the defendant.

HITCHCOCK, C. J.—This was a writ of error, to the County Court of Wilcox County, to reverse a decree of that Court, in the matter of the will of George Christian.

The testator, by his will, after making sundry specific devises and bequests, to his wife, and several of his older children, makes the following bequest.

"8. I give to my grand-son, John W. Christian, an equal dividend of the slaves, with the following named children, [here naming nine,] to whom I *gave* the slaves, as before mentioned, to be equally divided, when James A. Christian arrives at the age of twenty-one years."

The estate having been divided, and sundry negroes having been allotted to John W. Christian, he, by his guardian, claimed a share of the hire of the negroes, from the death of the testator, to the period of the distribution, which the Court below disallowed. To reverse this decision, the case has been brought to this Court.

A question was suggested in the argument, whether any thing is bequeathed in this clause of the will? It is contended, that the expression, "to whom I *gave* the slaves," before naming the children, and the words, "as before mentioned," after, must refer to a former part of the will; and as no such bequest is to be found in the will, nothing is conveyed.

To my mind, there is no difficulty. The word "*gave,*" was probably written "*give,*" in the will, and

the words, "as before mentioned," there, refer to the words, "an equal dividend," &c.

Whether this construction is correct or not, it is perfectly clear, that the testator did give, in this clause of his will, an equal undivided tenth part of all his slaves, not otherwise disposed of his will, to his grand-son : and it is a well settled rule in the construction of wills, "that the intention of a testator is not to be set aside, because it can not take effect, to the full extent; but it is to work as far as it can."[a] Neither can a positive bequest be controlled by inference and argument from *other parts* of the will."[b]

The bequest in this instance, is, what the law denominates a "legacy of quantity, in the nature of a specific legacy—as where so much money is bequeathed with reference to a particular fund for *its* payment:"[c] to which, except in some cases applicable to this particular kind of legacy, the rules applicable to specific legacies, apply; which are considered as severed from the bulk of the testator's property, by the operation of the will, from the testator's death; and with their increase and emoluments specifically appropriated for the benefit of the legatee from that period, upon which interest is computed from the death of the testator: and it is immaterial whether the enjoyment of the principal is postponed by the testator or not.[d]

In this case, the bequest is of an equal undivided tenth part of the testator's slaves—their being nine children. The enjoyment of the specific property is to be postponed until James A. Christian, one of the legatees becomes of age. The hire, however, according to the principles above stated, is due from the death of the testator.

a 4 Ves. 325

b 8 ib. 42.

c 1 Roper on Leg. 150.

a 2 ib. 188; 2 Wms. on Ex ors. 876

The decision of the Court below, must, therefore, be reversed, and the cause remanded, in order to take an account of the hire of the slaves, from the death of the testator.