# HALLETT AND WALKER, Ex'rs, &c. v. ALLEN, &c.

1. Interest upon general legacies, is not demandable, until eighteen months after the grant of letters testamentary. The statute rate of interest furnishes the proper rule.
2. The right of a married woman to recover interest upon a general legacy, is not affected by the fact that no trustee had been appointed to act for

her; especially in a case where the executors had determined not to pay legacies, until the estate could be made available without a sacrifice.

3. Though the bill does not alledge the precise time when the letters testamentary were granted, the complainant may prove it under the general allegation.

Writ of error to the Court of Chancery setting in Mobile. Before the Hon. A. Crenshaw, Chancellor.

THE defendant in error, the wife of Nathaniel Allen, by her next friend, Josiah Kennedy, filed her bill, alledging that Joshua Kennedy, of the city of Mobile, died, leaving his last will and testament, which has been admitted to probate in the orphans' court of Mobile, of which the plaintiffs in error were appointed executors. Among the bequests in the testator's will, is one in which the complainant claims to be the legatee, in the following terms: "Ninth. I do give leave, and bequeath to Mrs. Louisa Allen, the wife of Mr. Allen, and the daughter of Mrs. S. Phipps above mentioned, the sum of five thousand dollars, to be paid to her if single, or to trustees for her if covert—it being my intention that the legacy shall be for her sole and separate use, independent of the control of her husband, or of any right whatever in him."

It is alledged, that the testator left property to the value of a half million of dollars, over and above the amount of the debts and specific legacies, which has come to the hands of the defendants. Large amounts of real and personal estate have been distributed among the next of kin of the testator; but an ample estate still remains in the hands of the executors, and they have been frequently called on to pay the legacy embraced in the clause of the will above set forth.

The bill prays, that the defendants be decreed to pay the amount of the legacy, with interest, from a year after the death of the testator, to trustees for the use of the complainant, or otherwise, as may best carry out the intention expressed in the will.

The defendants failing to answer the bill, though they

were duly served with *subpœna*, the same was taken *pro confesso;* and the register having reported a suitable person as a trustee, his report was confirmed, and the amount of the legacy, with interest at the rate of eight per cent. after the expiration of one year from the death of the testator, was directed to be paid to the trustee for the uses expressed in the will : *Further*, that defendants pay the costs of suit, and these several sums be paid out of the goods and chattels, lands and tenements of the testator, in the defendants' hands to be administered.

G. N. STEWART, for the plaintiffs in error, insisted that no interest was recoverable on the complainant's legacy, until the same was demanded, certainly not until it was demandable ; that the English rule which entitled the legatee to interest, after the expiration of twelve months from testator's death, at the rate of four per cent., though still in force as to the measure of interest, was modified by the statute which postpones the period when a legecy is demandable to eighteen months. And although this latter-period has expired, if the estate is unsettled, and not in a condition to pay legacies, without defeating the intentions of the testator, their payment cannot be enforced ; and under such circumstances interest will not, of course be charged. Clay's Dig. 195, § 17; 196, § 23; 197 § 24; 283, § 2; 284, § 3; 618, Rule Prac. 51; 2 Roper on Leg. 184 to 188; 1 Id. 589 to 591; 1 Munf. Rep. 183; 3 Id. 201 ; 2 Lomax's Ex'rs, 136, 143 ; 8 Port. Rep. 380; 10 Ala. Rep. 974; 3 Pick. R. 213, 218; 14 Mass. R. 431; Ward on Leg. 314; 4 Ves. Jr. Rep. 630; 3 Atk. Rep. 629 ; 1 Johns. Ch. Rep. 3. The bill does not alledge when the defendants obtained letters testamentory, and the decree *pro confesso* does not admit a fact not stated in the bill.

J. A. CAMPBELL, for the defendant in error. The law made the legacy payable immediately, and the executors are chargeable with interest from the time when the payment could have been demanded. After the expiration of eighteen months, proceedings could have been instituted for its recovery. The right to interest is not affected by the fact

that Mrs. Allen was *covert*, and no trustee had been appointed to receive her legacy. It was the duty of the executors to pay it without a demand; consequently a demand was not a pre-requisite to the right to recover interest.— There is nothing in the condition of the estate to exempt it from the influence of the principle last stated. 2 Roper Leg. 185; 2 Lomax on Ex'rs, 152, 154; 2 Wms. on Ex'rs, 876; 2 P. Wms. Rep. 26; 3 Munf. Rep. 10; 1 Paige's Rep. 32; 1 McC. Ch. Rep. 148; 6 Johns. Ch. Rep. 33, 36; 1 Edw. Ch. R. 175.

COLLIER, C. J.—The act of 1812, "concerning the distribution of intestates estates," requires the orphans' court, upon the application of any person entitled to distribution of an intestate's estate, any time after the expiration of eighteen months from the grant of letters of administration, to make distribution of the same agreeably to law. *Further*, any person entitled to a legacy, or any estate by will, shall be entitled to the foregoing provisions, " as in case of administrators." Clay's Dig. 196, 197, § 23, 24. A statute passed in 1806, enacts, that "any person having a legacy bequeathed in any last will and testament, may sue for and recover the same at common law." Id. 226, § 29. It is insisted by the plaintiffs in error, that the first act cited modifies the English rule in respect to the time when pecuniary legacies bequeathed in general terms, are demandable, and extends it to eighteen months from the grant of letters testamentary; and that interest cannot be recovered by the legatee until after the expiration of that period.

According to the common law, where legacies are given generally to persons under no disability to receive them, the payments ought to be made at the end of the year next after the testator's death. The law allows the executor one year from the decease of the testator to ascertain and settle the affairs of the estate; and presumes that at the expiration of that period, and not sooner, all debts have been satisfied, and the executor is then able properly to apply the residue among the legatees, according to their several rights and interest. If the testator's circumstances justify it, the executor has authority to discharge legacies sooner; for they vest at the

death of the testator, and the year allowed the executors, previous to compulsory payment, is merely an arrangement for their convenience and safety. 1 Roper on Leg. 579-80. Before the expiration of the year, a general legacy is not considered due, nor can the legatee claim it; so that no interest accrues for delay in the payment of the principal. 2 Roper on Leg. 188; 1 Ves. J. Rep. 366; 1 Sch. & Lef. Rep. 10; 8 Ves. Rep. 410; 10 Ves. Rep. 334; 13 Ves. Rep. 333; 6 Madd. Rep. 15. In legal contemplation, the right to the payment of a legacy, we have seen, exists at the end of the year, and carries with it the right of interest from that time till paid; the rule will not be varied because actual payment in many cases may be impracticable within that time. 2 Madd. Rep. 81. In Pearson v. Pearson, 1 Sch. & Lef. Rep. 10, the fund did not become disposable for the payment of the legacies, till near forty years after the testator's death: *Held*, that the legatees were entitled to interest after the year. See 13 Ves. Rep. 33. If the testator direct "that no interest shall be demanded on a legacy, but that the executor shall pay it off as soon as money can be raised by selling certain property," the legatee is not entitled to interest until a reasonable time for raising the money shall have elapsed; but after a reasonable time the executor will be chargeable with interest, unless he assign good cause for having failed to apply the property to the object for which it was intended. 3 Munf. Rep. 59.

If the time of payment of a general legacy is fixed by the will, the general rule is, that it will not carry interest before the appointed time of payment arrives. 4 Ves. R. 1; 3 Atk. Rep. 101. In Cavendish v. Fleming, 3 Munf. Rep. 198, the testator died in 1791, having bequeathed his property to be equally divided between his widow and daughter. In a suit in chancery against the executor, for an account and payment of the legacies, it was held that the defendant was not chargeable with interest on the daughter's portion of the estate, until after the time when her guardian was appointed, and notice thereof given to the executor. As to the interest on legacies, see further 2 Johns. Cases, 200; 4 Mass. Rep. 215; 3 Port. Rep. 350; 9 Sergt. & R. Rep. 409; 6 Watt's Rep. 67. It is scarcely necessary to remark, that the general rule

Hallett and Walker, Ex'rs, v. Allen, &c.

that a general legacy does not draw interest until the expiration of a year after the testator's death, has its exceptions; thus where the legatee is a minor, whom the testator is under a moral obligation to support, and for whom he has made no other provision, interest will be demandable immediately. 4 Mass. Rep. 208; 3 Pick. 213; 2 Roper on Leg. 192, *et seq.;* 2 Lomax on Ex'rs, 156, § 13, 14, 15.

Where a legacy is payable at a certain time, it will bear interest from that time, although it is not demanded. 2 Salk. Rep. 415; 1 Verm. Rep. 262; 3 P. Wms. Rep. 125; 2 Ves. Rep. 568; 3 Bro. Ch. Rep. 419; 6 Johns. Ch. Rep. 33, 35.

It is the rule in England, to allow but four per cent., on a legacy after the year, whether it were charged on the lands or personal estate. The ground upon which the court gives this rate of interest is, that the fund is supposed in the course of the year to come into the hands of the executor, who can there make of it four per cent. 2 Roper on Leg. 252, *et seq.* This rate of interest is adjusted with a view to the *premium* at which money can be reasonably obtained; hence, where money has appreciated, the court has in some instances increased the interest upon legacies. Id. 256. In Brownlee v. Steel, Walker's Rep. (Miss.) 179, the English rule of interest at four per cent. per annum, computed on legacies charged on personal property, at one year from the testator's death, was adopted. We have not this book before us, and are uninformed as to the reasoning by which the supreme court of Mississippi were let to adopt one half its legal rate, as the interest to be paid on legacies, and one year as the period from which the computation shall commence. The rule as applied in that State must be merely arbitrary; especially as interest on money there far exceeds what is allowed in England, and the act of 1812, which we have cited, was in force there.

The statute referred to, postpones the time when general legacies are demandable, from one year after the testator's death, to eighteen months after the grant of letters testamentary; and consequently upon such legacies no interest will be computed until after the expiration of the latter period. This conclusion results from the reasoning upon which the English rule as to time is founded.

It will not do to limit the legatees right to interest to four per cent. upon the ground that the estate charged with the payment of the legacy will produce so much, or that rate may be reasonably obtained for the use of the money. The means of payment may generally be made more productive; yet the interest cannot be permitted to fluctuate, but must conform to some certain standard. The difference between the law here and in England, forbids the adoption of the rule which we have stated exists there. Under such circumstances, to avoid a sliding scale of interest, and the uncertainty which would follow, we feel constrained to decide, that when interest is recoverable, it must be graduated by the statute rate. We know of no other criterion to which reference can with safety be had.

The rule of computation cannot injuriously affect general legatees; for if the estate chargeable to them is insufficient to pay them with interest, they will all abate their legacies *pari passu.* True, the residuary legatee may sometimes be the sufferer both here and in England, as where the estate is charged with more interest than it realizes. In such case, he should be watchful of his interests, and endeavor to quicken the diligence of the executor.

Letters from one of the executors to a legatee in the same predicament with the complainant, written in December, 1842, January, 1843, and December, 1844, declare that the executors are not in funds to pay legacies—admit the ability of the estate—propose to pay by giving up land, if the price can be agreed on, and threaten if sued to resist a recovery. Here is evidence to show that general legacies would not be paid until property could be converted into money. The last letter is dated but nine or ten months previous to the commencement of the present suit. Each of them indicate that a demand would be unavailing. The complainant is entitled to the benefit of this evidence, and if a demand was necessary to entitle her to recover interest, it is sufficiently excused, or rather, dispensed with.

It was not indispensable to the complainant's right to interest, that a trustee should have been appointed to receive her legacy; especially as the executors had resolved not to pay legacies, until the estate was made available without a

sacrifice. The orphans' court, or the court of chancery, might recognize the trustee, and adjudge the legacy to be paid to him. The case of Cavendish v. Fleming, *ut supra*, is not attempted to be sustained by any argument—the court merely announces its conclusion; and we are almost inclined to think, it was induced by a Virginia statute. Be this as it may, we have seen no case in which the same, or an analogous principle is recognized.

Although the bill does not alledge the precise day when letters testamentary were granted to the defendants, yet we think it entirely competent for the complainant under the general allegation to show the time. The decree *pro confesso* only admits the facts alledged in the bill, and consequently does not relieve the complainants from showing when they became executors.

What has been said is decisive of the case, and we have but to add, that the decree is reversed, and the cause remanded.