## MYERS' EXECUTORS *vs.* MYERS.

[ACTION BY LEGATEE AGAINST EXECUTORS FOR HIRE OF SLAVES.]

1. *Hire of slaves specifically bequeathed.*—If slaves, specifically bequeathed, are detained by the executor after they are due to the legatee, and profit thereby accrues to the estate by their labor or hiring, the legatee may recover their reasonable hire from the executor.

2. *Legacy held specific, and not demonstrative.*—A legacy of twenty negroes, "of the average value of all the negroes owned by" the testator, to his wife for life, with remainder over, followed by a bequest of "all the rest and residue of the negro slaves belonging" to him to his children, is neither a general, nor a demonstrative, but a specific legacy.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN E. MOORE.

THIS action was brought by Mrs. Georgiana Myers, against the executors of her deceased husband, Claiborne Myers, to recover the hire of twenty negroes which were bequeathed to the plaintiff by her said husband. It appeared from the evidence adduced on the trial, that the testator died on the 12th May, 1853, leaving his widow and seven children surviving him; that his will, hereinafter referred to, was admitted to probate in June, 1853; that he owned about one hundred and sixty slaves at the

time of his death, which were distributed and worked on his three plantations; that he had on hand in cash only about $1,000, while his estate was indebted to about the amount of $50,000; that the executors kept the estate together, under an order of the probate court, (for what length of time is not stated,) and worked all the slaves on the three plantations as had been done in the testator's life-time; that the twenty negroes bequeathed to the plaintiff were delivered to her by the executors on the 12th December, 1854; that she had never demanded them, nor had the executors previously assented to her legacy; and that the executors afterwards sold all the personalty, with twenty of the negroes, for the payment of the debts, the increase of the estate proving insufficient for that purpose. This action was brought to recover the hire of the plaintiff's said twenty slaves, up to the time when they were delivered to her by the executors; and the value of said hire was proved.

The only provisions of the testator's will, the construction of which is involved in the case, are the 2d and 5th clauses, which are in these words:

" 2. I give, devise, and bequeath to my wife, Georgiana, the following property, real and personal, to-wit: all that tract or parcel of land, belonging to me, and lying in the county of Autauga, about one mile from Robinson's Springs, containing 408 acres, more or less, with the improvements and appurtenances thereto belonging, and all the other lands I may buy before my death, adjoining the above-mentioned tract; *twenty negroes, of the average value of all the slaves I may possess;* six mules, and ten milch cows, with their calves, to be selected by my executors from those on my plantation and belonging to me, and of the average value of the mules and milch cows owned by me; the carriage and pair of carriage-horses I may have at the time of my death; all the household and kitchen furniture, and silver plate, I may have at the time of my death; to have and to hold the said devised and bequeathed property, real and personal, and the natural increase of the female slaves, to my said wife Georgiana, to and for her use, during the term of her natural life; and at her

death, I give, devise, and bequeath the same to my children then living, and the issue of such of my children as are dead, to be equally divided between them—that is to say, each of any children then living to take one equal share, and the issue then alive of any deceased child to stand in the place of the parent, and take equally among them the share such deceased parent would have been entitled to if then living."

" 5. I give and bequeath all the rest and residue of my negro slaves to all my children, and their issue living at my death, to be equally divided between them," &c.

This being all the evidence in the cause, the court charged the jury, " that the legacy of said negroes to the plaintiff was a specific legacy." The defendants excepted to this charge, and asked the court to instruct the jury, " that said legacy was a general legacy, of the nature of a demonstrative legacy, and that the plaintiff could not recover if they believed all the evidence." The court refused to give this charge, and the defendants excepted; and they now assign as error the charge given by the court, and the refusal to give the charge asked.

ELMORE & YANCEY, for the appellants, cited the following authorities: 2 Williams on Executors, 994, 999, 1000; Walls v. Stewart, 16 Penn. (4 Har.) 275; Mann v. Copeland, 2 Madd. 223; Baliet's Appeal, 14 Penn. (2 Har.) 451; 3 Beavan, 349; 3 Rawle, 237; Jacques v. Chambers, 2 Collier, 435; Roberts v. Pocock, 4 Vesey, 158; Gallagher v. Gallagher, 6 Watts, 473; Smith v. Lampton, 8 Dana, 69; 3 Dess. 346; 10 Barr, 172; Childress v. Childress, 3 Ala. 72; 2 Root, 271; 2 Johns. Ch. 614.

GOLDTHWAITE & SEMPLE, contra, cited Richards v. Richards, 2 Price, 219; Ashton v. Ashton, 3 P. Wms. 384; Sleech v. Thorington, 2 Vesey, sr. 561; Badrick v. Stephens, 3 Bro. C. C. 431; Dean v. Test, 9 Vesey, 146; Bethune v. Kennedy, 1 My. & Cr. 114; Fontaine v. Tyler, 9 Price, 94; 1 Roper on Legacies, 214, 220, 241; Walker v. Walker, 26 Ala. 270.

WALKER, J.—It is a clear and undisputed proposition of this case, that the appellee was entitled to the recovery which she obtained in the court below, if the legacy of twenty negroes to her in the will of her deceased husband was specific. If an executor derives profit by the labor or hiring of slaves specifically bequeathed, he is responsible to the legatee for their reasonable hire, unless the slaves are required in the general administration of the estate. The principle is, that "specific legacies are considered as severed from the bulk of the testator's property, by the operation of the will, from the death of the testator, and specifically appropriated, with their increase and emolument, to the benefit of the legatee, from that period." If profit accrue to an estate by reason of the detention of specific legacies after they are due, it is a reasonable and just rule which gives such profit to the legatee; and, upon principle, it can make no difference, whether that profit consists of the interest upon stocks or the labor of slaves.—Keyes on Chattels, §§ 499, 500, 518, 519; 2 Wms. on Ex. 1221; 2 Lomax on Ex. (top 265,) marg. 152; 2 Roper on Leg. 1250.

[2.] The controverted question of the case is, whether the legacy is specific. The legacy to Mrs. Myers is of twenty negroes, *of average value of all those on the testator's plantation*, for her life, with a remainder over. This bequest is followed by another, bequeathing the *"rest and residue" of the testator's "negro slaves"* to his descendants. From these provisions of the will it is a necessary deduction, that the legacy to Mrs. Myers was a bequest, not of a definite number of negroes, to be supplied from any source; but of twenty of the testator's negroes, of the average value of all those on his plantation. Is it, thus understood, a specific legacy? Is a gift of twenty of the *identical* negroes possessed by the testator, which are of average value of all his slaves, a specific legacy?

There are three different classes into which legacies are divided; those classes are denominated specific, demonstrative, and general, and each is distinguished from the other in the incidents which the law attaches to them respectively. A specific legacy is "the bequest of a par-

ticular thing or money, specified and distinguished from all others of the same kind." A demonstrative legacy is where the thing or money is not specified, and distinguished from all others of the same kind, but a particular fund is pointed out for its payment. A general legacy is one of *quantity* merely, and includes all cases not embraced in the two other classes. A specific legacy cannot be satisfied out of the general assets, nor will it abate with them. The reverse is true of general legacies. Demonstrative legacies differ from both, in this: that, unlike specific legacies, they may be satisfied out of the general assets, upon failure of the particular fund; and, unlike general legacies, they will not abate upon the failure of the general assets, but retain the right of satisfaction out of the particular fund. They are derived from the civil law, and take their name from the supposition, that they indicate the testator's intention to *demonstrate* the source of payment, and not to make the existence of the fund charged with the payment a condition of the legacy.—Roper on Leg. 192: 2 Lomax on Ex'rs, top page 69, 70, 71; 2 Wms. on Ex'rs, 993, 994, 995. Demonstrative legacies, like general legacies, in England, as a general rule, bear interest after the year; in this State, after eighteen months. Campbell Graham, 1 Russ. & Myl. 453; Hallet & Walker v. Allen, 13 Ala. 554; Keyes on Chattels, 356, § 518.

Where the bequest is of a part of a particular thing or money, it is specified and distinguished from all others of the same kind—it is individualized, and susceptible of distinct identification; and is, therefore, a specific legacy. On the other hand, if the legacy is of a given quantity, and the intention was merely to point out the particular fund or property by way of demonstrating whence the payment was to be derived, it is demonstrative.—See the authorities above cited; also, Baliet's appeal, 14 Penn. 45; Gallagher v. Gallagher, 6 Watts, 483; *In re* Barclay's estate, 10 Penn. St. R. 387. Thus, a gift of so much *stock*, out of some specified stock, is a specific legacy; but a gift of so much *money*, out of the particular stock, is a demonstrative legacy.—Hoskings v. Nicholl, 1 Younge & Collyer,

478; Smith v. Lampton and Wife, 8 Dana, 69. The distinction here is, that the testator intends, in the former case, to give the *identical* stock mentioned; whereas, in the latter, he is supposed merely to indicate the source, whence the prescribed quantity of money is to be paid.

The authorities show, that the gift of a part or residue of a particular debt is a specific legacy.—Ford v. Flemming, 1 Eq. Cas. Abr. 302; Basan v. Brandon, 8 Simon, 171; 2 White & Tudor's Lead. Cas. in Eq. pt. I, top pages 351, 352, 353, 354, 367. But a legacy of so much money, to be paid out of a debt, is demonstrative.—Campbell v; Graham, 1 Russ. & Myl. 453; Colville v. Middleton, 3 Beav. 57. A legacy to the testator's son, of so many of his horses as should amount to eight hundred pounds, is specific.—Richards v. Richards, 9 Price, 219. So, also, a bequest of so much—"a *part* of my stock."—Kirby v. Potter, 4 Vesey, 747; Davis v. Cain, 1 Iredell's Eq. 304; Roper on Leg. 204. Several bequests of different amounts of South-sea stock, followed by a bequest of the remaining specified amount of South-sea stock standing in the testator's name, were all regarded as specific legacies. Sleech v. Thorington, 2 Vesey, sr. 560. So, gifts of two different sums, out of a certain sum due on a described bond, and a gift of the residue, specifying the amount, were all held to be specific legacies.—Badrick v. Stevens, 3 Brown's C. C. 431. In North Carolina, a legacy to a certain value, to be taken out of the testator's notes, as soon after his death as it could be done, was decided to be specific.—Perry v. Maxwell, 2 Dev. Eq. 487, 502. See, also, Ludlam's estate, 1 Parsons' Select Cas. in Eq. 116; Chanorth v. Beech, 4 Vesey, 556; Roberts v. Pocock, 4 Vesey, 149; Ashburner v. Macguire, 2 Bro. C. C. 108; S. C., 2 White & Tudor's L. C. in Eq. pt. I, and notes page (top) 346, marg. 201; Cogdell v. Cogdell, 3 Dess. 346; Walton v. Walton, 7 Johns. Ch. 258; Walls v. Stewart, 16 Penn. St. R. 275; Avelyn v. Ward, 1 Vesey, sr. 419; Howe v. Earl of Dartmouth, 7 Vesey, 137; Stanley v. Potter, 2 Cox's Ch. Cases, 180; Bethune v. Kennedy, 1 Myl. & Cr. 114.

The bequest here is of a *part* of the testator's slaves.

The controlling application of many of the decisions above collated and cited to such a case is apparent. One of the tests of a specific legacy is, whether it would be adeemed by the failure of the thing given, or whether it would still be satisfied out of the general assets. Here, as the gift is of a part of the testator's slaves, it would clearly be a violation of the will to supply the want of the slaves by the purchase from the general assets of other slaves. It would give other and different property from that which is bequeathed by the will. Upon reason and authority we decide, that the legacy was specific, and that there is no error in the charge given, or in the refusal to charge. No other question than that which we have decided has been presented in argument, and we have, therefore, confined ourselves to it.

The judgment of the court below is affirmed.