# Brown *et al. v.* Grimes.

*Bill in Equity for Legacy and Account, and to set aside Release.*

1. *Pecuniary legacy; what is.*—A bequest of "one-third of the valuation of the lands hereinafter devised to my brother Henry," to whom the lands were devised "subject to the incumbrance that he shall pay one-third of the valuation of said lands to the said" legatee, is a pecuniary legacy, though charged on the land.

2. *Who may sue for legacy, on death of legatee.*—The right to sue for and recover a pecuniary legacy, on the death of the legatee, intestate, not having received it, devolves on his personal representative ; and it can not be recovered in equity by his children, as heirs and distributees, although the bill alleges that he owed no debts at the time of his death.

3. *Husband's distributive interest in wife's estate* —On the death of the wife, intestate, leaving a statutory separate estate (Code of 1876, § 2714), the husband is entitled to one half of the personalty.

APPEAL from the Chancery Court of Macon.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 4th January, 1875, by William G. Brown and others, only children of Elizabeth Brown (afterwards Gunn), deceased, the infants suing by their next friend, George W. Gunn, who was the father of one, and the step-father of the others ; against the administrator and heirs-at-law of Henry H. Grimes, deceased. Its object was to recover a legacy, which had been bequeathed to the complainants' mother, then Elizabeth Moore, by the will of B. M. Adams, deceased, who was her aunt; to enforce it as a trust or charge upon a tract of land, which said testatrix had devised to said Henry H. Grimes, since deceased, and which was in the possession of the defendants, his children and heirs ; and to set aside a receipt and release which the complainants' mother had executed to said Henry H. Grimes, for and on account of the legacy. The will of said testatrix was duly admitted to probate in said county of Macon, where she lived and died, on the 11th June, 1860; and a copy of it was made an exhibit to the bill. By the 3d clause of her will, said testatrix bequeathed to her niece, Elizabeth Moore, several slaves, all her household and kitchen furniture, "and one-third of the valuation of the lands hereinafter devised to my brother, Henry H. Grimes ;" and by the 5th clause, she devised to said Henry H. Grimes a tract of land containing about fourteen hundred acres, adding to the devise these words : "The said lands are herein devised to the said Henry H. Grimes with the incumbrance of the purchase-money for the same which may remain unpaid at my death, and which it is my will and desire shall be paid out of the said land ; and subject to the further incumbrance, also, that the said Henry H. Grimes shall pay one-third of the valuation of said lands to the said Elizabeth Moore."

According to the allegations of the bill, Elizabeth Moore was married in March, 1856, after the execution of said will, but before the death of the testatrix, to James F. Brown, by whom she had several children, and who died in June, 1863. At the death of the testatrix, the tract of land was worth at least $12,000, and it was appraised by commissioners, some time afterwards, at $10,980. In January, 1863, Henry H.

[Brown et al. v. Grimes.]

Grimes paid to Mrs. Elizabeth Brown $2,296.66, on account of her legacy which was charged on the land; and she gave him a receipt, or release, which specified that it was in full satisfaction of the one-third of the valuation of the land; but the bill alleged that this receipt, or release, was procured by misrepresentations on the part of said Grimes, in whom Mrs. Brown reposed great confidence; and also insisted that it was void, because Mrs. Brown's husband was not a party to it, and was in fact ignorant of the transaction. In December, 1864, Mrs. Brown married George W. Gunn, by whom she afterwards had one child; and she died, intestate, in November, 1869, leaving the complainants her only heirs and the distributees of her estate. No administration was ever granted on her estate, "and she left no debts to pay, or demands outstanding." She never discovered the alleged errors or mistakes in her settlement with said Grimes, and the complainants were first informed as to said errors and mistakes a short time before their bill was filed. Henry H. Grimes died, intestate, in February, 1872, still owning said tract of land; and his estate was duly declared insolvent. The bill prayed that an account might be taken of the value of the land, and the one-third thereof to which the complainants might be entitled; that the amount found due to them, with interest thereon, might be declared a lien and charge on the land; that the said release might be set aside, annulled, and cancelled; and the general prayer was added, for other and further relief.

The opinion of this court renders it unnecessary to notice the answers or the evidence. On final hearing, on pleadings and proof, the chancellor dismissed the bill, but without delivering any opinion, or stating any reasons for his decree; and his decree is now assigned as error.

GEO. W. GUNN, and W. C. McIVER, for appellants.

ABERCROMBIE & GRAHAM, contra.

STONE, J.—The legacy to Elizabeth Brown, subsequently Gunn, is purely pecuniary in its character; and the fact that it was made a charge on land does not change its character as a pecuniary legacy. Being a legacy payable in money, when Mrs. Gunn died, intestate, as it is averred, the title and legal right to claim it vested in her administrator, afterwards to be appointed. It did not descend to her children as heirs. They could only claim through a personal representative; and claiming in that capacity, they would be met by the claim and right of their mother's surviving hus-

[Ex parte Lyon.]

band, to one half her personal estate, under the statute of distributions. The mother was married in 1864, to her last husband, and died in 1869, intestate. There is no averment of a marriage contract between intestate and Mr. Gunn, her last husband, and no averment that he has been divested, in any manner, of control over her estate.—Code of 1876, § 2714; 1 Brickell's Dig. 567, §§ 64, 66; *McConico v. Cannon*, 25 Ala. 462; *Plunkett v. Kelly*, 22 Ala. 655; *Varner v. Young*, December term, 1876. This principle, or this case, is not at all affected by the rulings in *Brashear v. Williams*, 10 Ala. 650; *Marshall v. Crow*, 29 Ala. 178; *Anderson v. Anderson*, 37 Ala. 683; *Perryman v. Greer*, 39 Ala. 133; *Bethea v. McCall*, 5 Ala. 308; *Vanderveer v. Alston*, 16 Ala. 694.

The bill in the present case was dismissed by the chancellor. He stated no ground on which he based his decree. We find the fatal defect noted above, and, without considering any other question, we feel it our duty to affirm the decree of the chancellor.

Decree accordingly.