# Graham, Exr. v. DeYampert.
# DeYampert v. Graham, Exr.

| 106 | 279 |
| e135 | 591 |

*Bill in Equity for Construction of a Will.*

1. *Wills; general and not specific legacy.*—A clause in a will which bequeaths to a certain legatee "one thousand dollars, either in stocks or money," creates a general and pecuniary, and not a specific, legacy; and the legatee thereunder is entitled, at his election, to one thousand dollars in money, or to stock of the market value of one thousand dollars, at the time of the testator's death.

2. *Same; when "heirs" as used in a will means "legatees."*—When in a will a testatrix who had no heirs resident in this State, makes many bequests to different legatees, some of whom were residents of this State and nephews and nieces of her husband, to whom she referred in the will as her nephews and nieces, but never as "heirs," and others of whom were residents of Alabama, but were neither nephews nor other next of kin of the testatrix, the direction in a codicil to such will that the residue of testatrix' estate shall be "divided *pro rata* among the heirs resident in the State of Alabama," requires a division of the residue among the legatees named, who reside in Alabama; the word "heirs" as used in such codicil meaning "legatees."

3. *Same; "heirs" used for "legatees" includes only natural persons.*—When the word "heirs," as used in a will inartificially drawn, means "legatees," it embraces only natural persons as legatees, as distinguished from corporate legatees.

[Graham, Exr. v. DeYampert and DeYampert v. Graham, Exr.]

APPEAL from the Chancery Court of Dallas.

Heard before the Hon. WILLIAM H. TAYLOE.

Charles P. DeYampert filed the bill in this case against J..K. Graham and Chauncey Graham, executors of the last will and testament of M. Louise Kenan, for the purpose of having construed the twelfth item of the will of Mrs. Kenan, and a provision of a codicil of her said will. Both the item and the provision of the codicil, which are asked to be construed, are copied in the opinion. The facts, as shown upon the hearing of the cause, are sufficiently stated in the opinion.

Upon the final hearing of the cause, on pleadings and proof, the chancellor rendered the following decree : ''1. That the complainant is entitled to elect whether he will take under the will, in the pleadings mentioned, the sum of one thousand dollars in money, or one thousand dollars in stocks at their market value at the time of the death of the testatrix, as then belonged to her estate, and were not specifically bequeathed by her in her will, and have not been and are not now required to be sold to pay the debts of the testatrix, or for other purposes of said will.

''2. That in the residuum of said estate, if any there be, complainant is entitled to share, equally with the other legatees in said will, who reside in the State of Alabama.''

From this decree there are cross-appeals by the complainant and respondents, respectively, and the said decree is assigned as error by each.

N..H. R. DAWSON, for Graham.—The bequest to the appellee, contained in the twelfth clause of the will of Mrs. Kenan, is not a specific legacy, but is a general or pecuniary legacy of one thousand dollars as held by the chancellor in his decree.—Pomeroy's Eq., §§ 1130, 1132 and note ; Roper on Legacies, 159, 170 ; *Myers v. Myers*, 33 Ala. 85 ; *Gilmer v. Gilmer*, 42 Ala. 21 ; *Harper v. Bibb*, 47 Ala. 547 ; *Brown v. Grimes*, 60 Ala. 648 ; *Davis v. Cain*, 1 Iredell 304 ; *Kirby v. Potter*, 4 Vesey 748 ; *Raymond v. Brodbelt*, 5 Vesey 199 ; *Sibley v. Perry*, 7 Vesey 523 ; *Webster v: Hale*, 8 Vesey 410 ; *Deane v. Test*, 9 Vesey 146 ; *Lambert v. Lambert*, 11 Vesey 607 ; *Robinson v. Ad-*

*dison,* 2 Beavan 515 ; *Ashburner v. McGuire,* 2 Bro. C. C. 108.

The word "heirs" in construing a will is to be given that meaning which its legal acceptance implies, if possible, but this rule must yield to the intention of the testatrix, as gathered from the context of her will, and the context of the will, where there is uncertainty, will fix the persons meant to be designated and included in this term.—Story's Eq., §§ 1065b, 1071 ; *Bailey v. Patton,* 3 Richardson (S. C.) 158 ; *Holeman v. Fort,* 3 Strobhart Eq., (S. C.) 71, 72 ; *Love v. Buchanan,* 40 Miss. 758 ; *Williamson v. Williamson,* 18 B. Monroe 329 ; *Doremus v. Zabrinski,* 15 N. J. L. 404.

W. A. GUNTER and C. P. DEYAMPERT, *contra.*—In construing a will the primary purpose is to give expression to the intention of the testator as gathered from the instrument itself viewed in the light of the testator's situation and surrounding circumstances at the time of its execution. The intention must be gathered only from the words used, construed in the light of the surrounding circumstances.—See review of American authorities on Wills in notes to *Boston S. D. & T. Co. v. Coffin,* 8 Lawyers Ann. Rep. 740 ; *Harper v. Bibb,* 47 Ala. 554. Words are to be taken "in their plain, ordinary and popular sense." 29 L. A. Rep. 745 note ; 1 Greenl. Ev., § 278. Wills are to be construed most favorably for the legatee.—1 Jarman on Wills, 360 ; *Thompson v. Thompson,* 1 Coll. 395 ; *Seale v. Seale,* 1 Perre W. 290 ; *Jacques v. Chambers,* 2 Coll. 435 ; *Ashburner v. McGuire,* 2 Lead. Cases in Eq. 619-20.

The testatrix in this case, at the time of making her will and at her death, owned stocks in various corporations, and it is evident that she intended to give to De-Yampert, out of the stocks possessed by her and to be selected by him, the sum of one thousand dollars, at their par value ; or, in lieu thereof, the sum of one thousand dollars in money.—*Harper v. Bibb,* 47 Ala. 554 ; *Gilmer v. Gilmer,* 42 Ala. 21; *Williams v. Sims,* 22 Ala. 512 ; *Carlisle v. Davis,* 7 Ala. 42.

The character of the testatrix's disposition of her property, construed in the light of her surroundings and of the property possessed by her, shows she meant that the

legacies payable in stock should be discharged by handing over to the respective legatees the stock possessed by her at her death.—*Norris v. Thomason*, 16 N. J. Eq., 549; *Blundell v. Pope*, 21 Atl. Rep. 456.

While the primary meaning of the word "heir" is that of a person related by blood and entitled to inheritance, the secondary, larger and more comprehensive meaning is that of any person taking the estate of another, either by act of the law, or by act of the party.—9 Amer. & Eng. Encyc. of Law, 357. By reason of the wording of the will involved in this controversy and being unable to give to the word "heirs," as used in the codicil, its primary meaning, there must be given to the word its secondary meaning, which the circumstances of the case show must have been intended by the testatrix. If a document has one distinct meaning in reference to the circumstances of the particular case, it must be considered accordingly.—7 Amer. & Eng. Encyc. of Law, 93.

McCLELLAN, J.—The 12th item in the will of M. Louise Kenan contains the following bequest: "I bequeath to Charles DeYampert the sum of one thousand dollars either in stocks or money." It is shown that testatrix, at the time of making her will and at the time of her death, owned sundry stocks of variant market values. The legatee insists that he is entitled to money or stocks at his election and that, electing to take stocks, he is entitled to shares of the *face or nominal* value of one thousand dollars regardless of the market value thereof. This view is unsound. It seems clear to us that this legacy is not specific, but general and pecuniary : the legatee is not entitled to any specific stocks, but to *one thousand dollars*, and this one thousand dollars, but not more, he may take in money or in stocks of that value, not nominal but real. The authorities are so clear to this conclusion that we deem it only necessary to cite some of them.—3 Pomeroy's Eq. Jur., §§ 1130, 1132 : 13 Am. & Eng. Encyc. of Law, pp. 10 *et seq.; Myers' Extr. v. Myers*, 33 Ala. 85; *Hooper v. Bibb & Falkner, Extrs*, 47 Ala. 547 ; *Gilmer's Legatees v Gilmer's Executors*, 42 Ala. 9 ; *Brown et al. v. Grimes*, 60 Ala. 647; *Maybury et al. v. Grady et al.*, 67 Ala. 147; *Kelly v. Richardson, Extr.*, 100 Ala. 584.

In a codicil to Mrs. Kenan's will is this provision :

"Should there be a residue of my estate still remaining, let it be divided *pro rata*, among the heirs resident in the State of Alabama." The evidence shows that the testatrix had no *heirs* resident in the State of Alabama. But the will refers to certain nephews and nieces to testatrix' husband, who reside in Alabama, as her nephews and nieces. These are named in the will as legatees. So also, as we have seen, is Charles DeYampert, who resides in Alabama, but who is not, and is not referred to as, a nephew or other next of kin of the testatrix. The question on this item is whether said nephews and nieces alone are intended, or whether it has reference to the *legatees* residing in Alabama. This provision itself, when taken with the fact that the testatrix had no heirs residing in Alabama, affords evidence that the will was not drawn by one acquainted with the significance of the word "heirs." We know that this word is commonly used by laymen to indicate all persons entitled by will or otherwise to share in the estates of decedents, and in cases like this as a synonym of legatees. We think it must be given that interpretation here. The nephews and nieces of testatrix' husband are nowhere by those designations referred to in the instrument as her heirs. The fact that the property devised and bequeathed had come to her from her deceased husband, and the consideration that of consequence there was in some sort a moral obligation resting on her to devise and bequeath it to his next of kin are deprived of probative force to show an intention on her part to divide the residue among his next of kin residing in Alabama, in that that consideration would have led her to include in this provision his next of kin, also referred to in the will as her nephews, nieces &c. residing in North Carolina ; and this she did not do ; and it would have prevented the several dispositions which she made to persons—and, among the rest, that considered first above to Charles DeYampert— who were not of next of kin to her husband. Or, in other words, the will itself demonstrates that the moral consideration referred to did not control the testatrix in other devises and bequests, and we do not feel justified in according any influence to it upon the inquiry as to her intention in the use of the word "heirs" in the clause under consideration. But it is said that if we hold the

word heirs to embrace DeYampert, or any legatee other than the husband's next of kin, it would have also to include certain church corporations to which bequests are made. If this were true, it would not follow that the other interpretation should be adopted : we are not aware of any insuperable obstacle to a testamentary interpretation which would entitle a corporation to take as a residuary legatee. But the word "heirs" even in the broader sense, as used by laymen to designate those who share in an estate, does not, it is safe to say, embrace other than natural persons ; and it might well be said to be intended to cover individual legatees to the exclusion of corporate legatees.

The decree of the chancery court is in line with the foregoing views on each of the points we have discussed; and it must be affirmed on each of the appeals.

