In the Matter of the Estate of JANE MOGG, Deceased.

Surrogate's Court, Onondaga County, July 18, 1962.

*Finck & Huber* (*William L. Reith* of counsel), for Helen V. Reith, petitioner. *Irving Brickman* for Andrew Mogg, as executor of Jane Mogg, deceased, respondent.

LAURENCE D. WOOD, S. Petitioner seeks a construction of the last will and testament of Jane Mogg, dated August 30, 1947, which was admitted to probate on December 20, 1960. Letters testamentary were issued to Andrew Mogg, the surviving husband, on the date of admission to probate.

The residuary clause of the will gives all the rest, residue and remainder of the decedent's property to Andrew Mogg. The first clause of the will provides for payment of the debts and funeral expenses. The second clause which is the object of the proceeding for construction is as follows: " I give, devise and bequeath to my daughter, Helen V. Reith, my two diamond rings. I also give to my daughter the sum of Ten Thousand Dollars ($10,000.00), which she may have in cash or by taking real estate which has at least that much equity."

From the wording of this clause, it is obvious that in addition to the gift of the two rings not before the court, the gift itself was of $10,000. The modifying phrase providing that she might have cash or real estate with at least that much equity, does not enlarge the gift so that she may refuse the sum of $10,000 in cash and demand payment in real property of greater value.

The will contains a provision granting " full power and authority to sell and convey, lease or mortgage real estate " — which in the absence of ready cash can be exercised immediately by the executor for the purpose of providing payment of this general legacy. If the executor who is also residuary legatee refuses to perform his obligation to pay this legacy, or for any reason is unable to raise the amount of said legacy for cash distribution within a reasonable time from the date of this decision further application for relief may be made to this court.

Page on Wills (vol. 4, § 1587, p. 515 [3rd ed.]) refers to a Connecticut case as authority for the statement following: " where a will gives a general legacy in money, ' or its equivalent value ', it has been held that the beneficiary can not demand cash, but may be required to accept property of equivalent value." (*Callahan* v. *Peltier*, 121 Conn. 106.)

Where a testator gave specified sums of money in government bonds, and the bonds contained in the estate were at a premium at the time of testator's death, it has been held that the language

is not sufficient to make these legacies demonstrative, for the reason that it was not pointed out in the will that the money was to be taken out of any particular fund belonging to the estate. That court also held that such a qualification was an essential element of a demonstrative legacy; and that the clear meaning of the will was that the money given was to be used in obtaining bonds, and then to be delivered in the manner provided in the will.

The court there refused to give credit for the bonds at their premium value, stating in the accounting proceeding that they should be allowed credit for the gift only to the amount of money bequeathed to the several nonresiduary legatees. (*Matter of Van Vliet,* 5 Misc. 169.)

In an Alabama case, the will contained the following bequest: " I bequeath to Charles DeYampert the sum of $1000.00 either in stocks or money." There the testatrix owned sundry stocks of variant market values, the legatee insisted that he was entitled to stocks at his election, and that electing to take stocks he was entitled to shares of the face or nominal value of $1,000, regardless of the market value thereof.

The Alabama court found this view unsound and stated that the legacy was not specific, being general and pecuniary, and held that the legatee was not entitled to any specific stocks, but to $1,000, *and this $1,000 but not more,* he might take in money or stocks of that value, not nominal but real. (*Graham* v. *DeYampert,* 106 Ala. 279.)

While a variety of nice distinctions are urged involving the use in the present will of the words " at least ", I feel strongly assured from a reading of the will that the testatrix' intention was to grant a general legacy of $10,000, and that the modifying phrase " which she may have in cash or by taking real estate which has at least that much equity " was meant to facilitate the gift rather than to enlarge or expand it. (*Matter of Valentine,* 165 Misc. 863.)

The papers in this proceeding disclose an attempt by the executor to make the required cash payment by mortgaging certain property. According to a stipulation filed herein, the proposed mortgagee required a conveyance of the possible interest of Helen V. Reith in such property before the money could be made available. On April 17, 1962, a stipulation making such a conveyance possible was filed in this court.

It thus appears that it has been impractical to make an effective tender of the cash amount of this general legacy prior to the date of this stipulation. It also appears that petitioner has been unwilling to accept the amount of $10,000 in cash prior to

a decision and order of this court. For these reasons petitioner is not entitled to legal interest or its equivalent since no unnecessary delay in payment has been shown and is relegated to her right to interest at 3% under section 218 of the Surrogate's Court Act.

One of the answering affidavits dated April 18, 1962, alleges tender of the sum of $10,000 to petitioner and her refusal thereof, such refusal undoubtedly being based upon anticipation of a decision of this court possibly allowing a more substantial interpretation of this bequest.

Upon such tender and refusal the gift of $10,000 less the prorata share of the estate tax chargeable against the estate under the last paragraph of section 249-n of article 10-C of the Tax Law of the State of New York would be fixed as to the principal amount. Credit for her $5,000 exemption as a descendant is to be allowed in setting the deduction for tax.

There is no license under our construction of the testatrix' intention in this will to take an interest in real property worth more than $10,000 by refusing the cash amount of the legacy.

One of the other contentions to be decided is petitioner's request for interest in the light of the provisions of section 218 of the Surrogate's Court Act. Here no interest rate was set by the will and no reasonable delay in payment having been found on the facts herein, it appears that petitioner may be entitled to interest at the rate of 3% per annum as provided in section 218, for the period commencing seven months after the issuance of letters until the date of tender. The assets of this estate are assumed to have earned income during this period and interest at this rate for this period is properly chargeable under section 218.

It appears from petitioner's memorandum of law that it is her position that the idea of taking an undivided interest in a piece of real property of the value of $10,000 is not favored by petitioner. She argues that if a common tenancy was intended why was it not mentioned in the will. She further argues that a joint tenancy might be equally intended with a common tenancy, neither being mentioned. She further argues that since the cash gift would be a charge on the realty in any event, the gift of a mere common tenancy would give nothing more than the petitioner had without the alternative gift. She concludes that in view of the cash gift being a charge on the real property and thus a de-facto common tenancy until the cash gift is satisfied, that a construction by the court of a gift of $10,000 cash or a tenancy in common to that amount would render the alternative gift a redundancy.

Since the first phrase of the sentence has already been held to set the amount or value of the testamentary gift, the only matters left for consideration seem to be whether this is actually an alternative bequest and, if so, whether the choice as to the form of the gift rests with the legatee or the executor. Since the executor has already tendered cash, the need to fix the time of setting of a value of the alternative gift of an interest in real property will occur only if the choice of the form of the gift is in the legatee.

In the absence of an express or reasonably implied testamentary intention to the contrary benefits are ordinarily payable in cash. (*Villard* v. *Villard*, 219 N. Y. 482, 500; *Matter of Denari*, 165 Misc. 450, 454.)

Section 268 of the Surrogate's Court Act provides that a decree may direct the conveyance of any unsold realty (or other items) to a party or parties entitled to payment or distribution, in lieu of the money value of the property, where among other things all parties consent in a writing filed in the office of the Surrogate, or where any legatee or distributee files a consent to accept as payment in whole or in part any *specified* real or personal property at a value to be ascertained by appraisement under oath by one or more persons appointed by the Surrogate, in the absence of consents of all parties interested.

In a somewhat similar case, a Connecticut court dealt with gifts of sums of money '' or its equivalent '', which this court believes to have been the intention of the testatrix here in using the words '' at least ''. That court held that the '' equivalent '' of the amounts specified in terms of dollars is property other than cash equalling in value those amounts, respectively; that the court might order sale of the property and payment in cash upon reasonable cause shown and that the shares were not necessarily, but might be undivided interests in the property on hand for distribution valued as of the date of distribution. (*Callahan* v. *Peltier*, 121 Conn. 106, *supra*.)

The gift here is primarily of the sum of $10,000 and the alternative method of payment is found to have been intended as a protection to the estate for the avoidance of a forced sale. The necessary division of the title to some unspecified piece of real property would require mutual agreement of the parties here, to policies of management and repair, perhaps to rental policies, and to the additional expense of appraisals and legal expenses in setting up the necessary title division.

As the Connecticut court indicated in the case of *Callahan* v. *Peltier* (*supra*) the choice of cash as against an equivalent was not necessarily in the legatee, I find here that it was not the

intention of this testatrix, despite certain loosely worded phraseology, that Helen V. Reith might refuse to take the cash sum and thus complicate the administration of the estate and the title of some unspecified piece of real property belonging to testatrix.

I accordingly hold that Helen V. Reith is entitled to the sum of $10,000 subject to the deduction of the prorata portion of the estate tax, with interest at 3% on the sum of $10,000 for the period commencing seven months after the issuance of letters and ending on the date of the cash tender and refusal thereof on April 18, 1962.

The fixing of counsel fees of petitioner's attorney in a case such as this is covered by section 278 of the Surrogate's Court Act.

After due consideration and in accordance with the discretion vested in me by the above section of the Surrogate's Court Act, I allow the petitioner the sum of $350 for counsel fees and disbursements.