PER CURIAM.
This is a law suit between two brothers, Robert and Sherrill Hancock, as legatees under their mother’s will, for the division of testatrix’s estate. The trial Judge, in his decree:
1. Found that the mortgage which Robert claimed was an asset of the estate had been equitably assigned to Sher-rill by gift;
2. Found that interest of $125 was allowable to Sherrill’s children as interest on their $8,000 legacy;
3. Found that Robert had converted property of the estate equal in value to $15,000, which amount should be offset against Robert’s distributive share of the estate;
4. Awarded $8,000 to Sherrill as executor’s fee; and
5. Awarded $8,000 to Sherrill for attorney’s fees.[1]
Robert appealed, contending:
1. The trial Court erred in considering Sherrill’s testimony that the mortgage was equitably assigned to him because of the Dead Man’s statute and because a co-mortgagor is incompetent to testify about such a transaction. Cousins v. Crawford, 258 Ala. 590, 63 So.2d 670 (1953);
2. Sherrill’s children are not entitled to the $125 interest because Sherrill did not show a compelling reason for paying interest under Tit. 61, § 335, Code;
3. The evidence does not support the trial Court’s finding of conversion; and
4. The executor’s fee and the attorney’s fee are unreasonable.
Sherrill answers, contending:
1. Taylor v. First National Bank of Tuskaloosa, 279 Ala. 624, 189 So.2d 141 (1966), holds that the rule of Cousins, cited by Robert, is not applicable when the adverse party calls the comortgagor to the stand. Further, no objection was raised; thus, no adverse ruling was invoked;
2. The children were entitled to the $125 interest because a legacy to minors draws interest from the date of a testator’s death. Henry v. Henry, 103 Ala. 582, 15 So. 916 (1893);
3. The finding of conversion is supported by the competent evidence and, under the ore tenus rule, this finding is due to be affirmed; and
*875 4. The executor’s fee and the attorney’s fee are reasonable.
We reverse that portion of the judgment below relating to the award of interest; and we affirm the judgment in all other respects.

The Dead Man’s Statute

The posture of the record precludes us from disturbing the trial Court’s finding with respect to the “equitable assignment” issue. The error complained of is that the Dead Man’s statute prevented the trial Court from considering Sherrill’s testimony concerning an assignment to him by the testatrix of a mortgage executed by him to his mother. Our problem in treating this issue arises from the absence of any objection posed to this line of questions. Robert’s attorney contends that, since he was placed in the position of having to call Sherrill as his witness, he was not in a position to object even when this testimony was adduced during cross examination. We cannot agree.
Rule 43(b), ARCP, which was invoked by Robert’s attorney in calling Sherrill as his witness, does not alter the operative effect of Rule 43(c), which abolished the old equity “Lazy Lawyer” rule. (Tit. 7, § 372(1) ).[2] Since no ruling was invoked, there is nothing to review. See Rule 46, ARCP, and Committee Comments thereto.

The Interest Payment

The testatrix’s will made specific bequests to each of Sherrill’s two children of $4,000. The payment of these legacies was effected by cashing certificates of deposit, the face value of which was $8,000 plus $125 accummulated interest, for a total disbursement of $8,125. Since a legatee’s application to compel payment cannot be brought within six months from the granting of letters testamentary, it follows, absent a testamentary directive to the contrary, that interest is not due where, as here, the payment of the legacy is made within this six-month period. Title 61, § 335, Code. See Hallett and Walker, Executors, v. Allen, 13 Ala. 554 (1848). Had the bequest specified the certificates of deposit rather than $8,000 cash, of course, the result would be different.

The Conversion of Estate Property

The issue of Robert’s conversion of estate property involves our ore tenus rule of review. Attorneys for the parties are in agreement that, because of the nature of the case and the circumstances of the litigants, no useful purpose can be served by a detailed recital of the facts giving rise to this protracted and complex litigation.[3] Suffice it to say, our careful study of the record and our conference with the attorneys for the parties constrain us to conclude that the judgment of the trial Court with respect to this issue is supported by competent and credible evidence, and we are not convinced that the decree below is plainly and palpably wrong. Hill v. Delchamps, 294 Ala. 14, 310 So.2d 871 (1975).

Executor’s and Attorney’s Fees

By virtue of the stipulated value of the estate, we find that the trial Court’s award of $8,000 does not exceed the statutory maximum compensation allowable to an executor. Tit. 61, § 377, Code, fixes the maximum (“not to exceed”) compensa *876 tion at 2i4% of receipts and 214% of disbursements.
The statute further provides:
“ . . . and the court may also allow actual expenses, and, for special or extraordinary services, such compensation as is justified . . . ”
Under this statutory formula, we cannot say that the trial Court abused its discretion in allowing $8,000 as compensation to the executor. Likewise we affirm the $8,000 award for attorney’s fee as being reasonable and within the trial Court’s discretion to grant. Tit. 61, § 379, Code. King v. Keith, 257 Ala. 463, 60 So.2d 47 (1952).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
HEFLIN, C. J., and MADDOX, JONES, SHORES and EMBRY, JJ„ concur.

. Sherrill is himself an attorney; but, in his capacity as executor of the estate, he was represented by Richard L. Taylor to whom the attorney’s fee was awarded.

. Our reference to this now superseded Code section in the common vernacular, “Lazy Lawyer” rule, is a mere matter of convenience in referring to the old procedure; it is not to be interpreted as a personal reflection on counsel in the context of the instant case. •

. Rule 33, ARAP, was invoked by the Court for a prehearing conference. This served as an invaluable aid to our understanding of the factual complexities in relationship to the issues presented. We acknowledge our appreciation to counsel for the parties for their cooperation.